UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA N. HARRELL,<br><br>     Plaintiff,<br><br>v.<br><br>WAL-MART, et al.,<br><br>     Defendants. | No.  2:15-cv-0576 AC<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by E.D. Cal. R. ("Local Rule") 302(c)(21).[1] On May 5, 2015, the undersigned dismissed the original complaint as to all defendants except for officer Michelle Belyea. ECF No. 8. Plaintiff was given the choice of proceeding against Belyea alone, or amending his complaint to attempt to state a claim against the other defendants. Id. Plaintiff timely elected to amend his complaint, rather than to proceed only against Belyea. See ECF No. 15 (First Amended Complaint).

Because three of the defendants should now be dismissed without leave to amend, these findings and recommendations are submitted to the district judge presiding over this case.

---

[1] Although plaintiff indicates that he is in custody, this matter is proceeding under the authority of Local Rule 302(c)(21), rather than Local Rule 302(c)(17), because plaintiff does not seek habeas relief, nor does he challenge the conditions of his confinement.

1

## I. SCREENING STANDARD

The federal in forma pauperis statute authorizes federal courts to dismiss a case at any time, if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiffs' favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  THE COMPLAINT

The First Amended Complaint ("complaint") is asserted against Belyea, Rashad Figaro, "Garrison," and Solano County Superior Court Judge Robert Bowers.  Complaint ¶ III(A), (B). The description that follows assumes the truth of the complaint, solely for purposes of this screening.  On April 16, 2014, two Wal-Mart employees, defendants Figaro and Garrison,

1  detained plaintiff, falsely claiming that plaintiff was stealing a pair of pants. Complaint ¶ IV

2  at 9-10. The Fairfield Police Department was called, and defendant officer Belyea arrested

3  plaintiff for second degree commercial burglary. Id. at 10. In connection with this arrest, Belyea

4  filed a "false police report" stating that plaintiff had "confessed" to stealing the pants; plaintiff

5  had made no such confession. Id. Plaintiff was taken before Judge Bowers for a probable cause

6  hearing. Id. at 11. Judge Bowers held plaintiff to answer for the charge based upon no evidence

7  other than Belyea's false testimony. Id. Plaintiff spent 300 days in Solano County Jail until the

8  charges were dismissed. Id. Plaintiff sues for malicious prosecution, false arrest and false

9  imprisonment.

10                              III.  LEGAL CLAIMS

11      Plaintiff asserts that his complaint seeks to hold defendants liable for violations of his

12  rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution. ECF No. 15

13  at 2. The complaint alleges facts indicating the potential presence of the following Section 1983

14  constitutional claims against the government defendants: a Fourth Amendment unreasonable

15  seizure claim based upon false arrest; a Fourteenth Amendment Due Process claim based upon

16  false imprisonment; and a Fourteenth Amendment Due Process claim based upon malicious

17  prosecution.

18      A. Section 1983

19          A plaintiff may bring an action under 42 U.S.C. § 1983 to redress
            violations of his "rights, privileges, or immunities secured by the
20          Constitution and [federal] laws" by a person or entity, including a
            municipality, acting under the color of state law.
21

22  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing Monell v. Dep't of

23  Social Servs., 436 U.S. 658, 690-95 (1978)). "To state a claim under § 1983, a plaintiff must

24  allege two essential elements: (1) that a right secured by the Constitution or laws of the United

25  States was violated, and (2) that the alleged violation was committed by a person acting under the

26  color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

27      The complaint alleges that plaintiff was "detained" by the Wal-Mart employees, Figaro

28  and Garrison. Complaint ¶ IV at p.3. However, there is no allegation showing that they acted

1  under color of state law.  "Under color of state law" means with the authority of the state, such as

2  a public employee acting in his or her official capacity.  See West v. Atkins, 487 U.S. 42, 48

3  (1988).  Accordingly, the complaint fails to state a Section 1983 claim against Figaro and

4  Garrison.  Plaintiff has simply re-alleged his claims against these defendants, even though the

5  claims against them were previously dismissed for failure to allege conduct under color of State

6  law.  See ECF No. 8.  The claim against these defendants should be dismissed without further

7  leave to amend.

       B.  Unreasonable Search & Seizure: False Arrest

9       "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

10  Amendment, provided the arrest was without probable cause or other justification." Lacey v.

11  Maricopa Cnty., 693 F.3d 896, 918 (9th Cir. 2012) (en banc) (citation and internal quotation

12  marks omitted); Maxwell v. County of San Diego, 708 F.3d 1075, 1085 (9th Cir. 2013) (an arrest

13  "without probable cause" is "an unreasonable seizure").

14       The complaint alleges that defendant Belyea arrested plaintiff even though there was no

15  evidence to support probable cause for the arrest, and further alleges that Belyea filed a false

16  arrest report claiming that plaintiff had confessed.  Taken as true, these allegations are sufficient

17  for screening purposes to support a claim that plaintiff was arrested without probable cause in

18  violation of the Fourth Amendment.  See Maxwell, 708 F.3d at 1085-86 ("[p]robable cause exists

19  if the arresting officers 'had knowledge and reasonably trustworthy information of facts and

20  circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or

21  was committing a crime'") (quoting United States v. Ricardo D., 912 F.2d 337, 342 (9th

22  Cir. 1990)).

23         C.  Due Process: False Imprisonment

> By virtue of its "incorporation" into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty.  The probable-cause determination "must be made by a judicial officer either before or promptly after arrest."

27  ////

28  ////

4

Baker v. McCollan, 443 U.S. 137, 142-43 (1979) (quoting Gerstein v. Pugh, 420 U.S. 103 (1975)) (citation omitted).

The complaint alleges that after a probable cause hearing, Judge Bowers remanded plaintiff to the Solano County Jail for 300 days before the charges against him were dismissed. The complaint further alleges, as discussed above, that there was no probable cause for plaintiff's detention, as the only evidence against him was Belyea's false testimony. The complaint alleges that Judge Bowers showed "a great amount of Deliberate Indifference" to plaintiff in remanding him to jail.

"It is well established that state judges are entitled to absolute immunity for their judicial acts." Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004). The complaint is clear that plaintiff is suing Judge Bowers for his judicial act. Judge Bowers is therefore immune, and the claim against him should be dismissed.

### D.  Due Process: Malicious Prosecution

> To claim malicious prosecution, a petitioner must allege "that the defendants prosecuted [him or] her with malice and without probable cause, and that they did so for the purpose of denying [him or] her equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995); see also Blaxland v. Commonwealth Dir. of Pub. Prosecutions, 323 F.3d 1198, 1204 (9th Cir. 2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). It requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653 (1977).

Lacey, 693 F.3d at 919. Plaintiff's complaint retains its claim for malicious prosecution, even though the prosecutor defendants have been dropped from the lawsuit. Plaintiff appears to be suing Belyea for "malicious prosecution" based upon the officer's alleged filing of a false police report, and may also be basing the claim on the allegedly false testimony that Belyea gave at plaintiff's probable cause hearing.

As for the allegedly false testimony, Belyea is absolutely immune from liability, even for perjured testimony given at a criminal trial or adversarial pretrial hearing. Burns v. Cty. of King, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) ("witnesses are absolutely immune from suits for

5

damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings") (emphasis added) (citing Briscoe v. Lahue, 460 U.S. 325, 345-46 (1983), as interpreted by Holt v. Castaneda, 832 F.2d 123, 127 (9th Cir. 1987), cert. denied, 485 U.S. 979 (1988)).  In this case, plaintiff was entitled to counsel at the hearing he refers to as a probable cause hearing, and all such hearings are adversarial.  See Cal. Penal Code §§ 858 (defendant has the "right to the aid of counsel in every stage of the proceedings"), 865 (witnesses at preliminary examination "must be examined in the presence of the defendant, and may be cross-examined in his behalf").

The alleged submission of a false police report, however, may expose a police officer to Section 1983 liability.  Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir. 2007) ("[a] police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports").  Belyea is entitled only to qualified immunity for such alleged conduct, and the immunity "may be rebutted by showing . . . that the investigating officers presented the prosecutor with 'information known by them to be false.'"  Id., 485 F.3d at 482 (quoting Smiddy v. Varney, 665 F.2d 266-67 (9th Cir. 1981)).  Here, the complaint sufficiently alleges facts that, if true, would enable plaintiff to overcome any claim of qualified immunity.  Specifically, the complaint alleges that Belyea "made a false police report stating that I confessed to her that I went into Wal-Mart to steal . . .."  Complaint at 10.  Moreover, the complaint is clear that this was not simply an error on Belyea's part, but rather, "[t]his story was fabricated . . .."  Id.  Thus, plaintiff should be permitted to pursue this claim.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. All claims against defendants Figaro, Garrison and Judge Bowers, should be DISMISSED without leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (fails to state a claim), (iii) (claim asserted against immune defendant);

2. The malicious prosecution claim against Belyea should be DISMISSED IN PART,

without leave to amend, but only to the degree it is based upon alleged perjury at the "probable cause" hearing; and

    3. Plaintiff should be permitted to proceed against Belyea on (a) the malicious prosecution claim, to the degree it is based upon the submission of an allegedly false police report, and (b) the false arrest claim.

If this recommendation is adopted, the undersigned will issue an order directing service upon defendant Belyea.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 12, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE