UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE BELYEA,<br><br>Defendant. | No. 2:15-cv-00576-JAM-AC<br><br><br><br>ORDER |

This matter comes before the court on plaintiff's motion for reconsideration of the undersigned's discovery and scheduling order (ECF No. 52). ECF No. 54. Plaintiff is proceeding in this case pro se, and the matter was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff's motion is DENIED.

**I.      Relevant Background**

On January 11, 2018 plaintiff filed a motion to continue or, in the alternative, appoint counsel. ECF No. 50. Upon review of the record, the court recognized that plaintiff's frequent address changes may have caused disruption in his ability to receive court documents, and granted plaintiff's motion to the extent that it issued a revised scheduling order. ECF No. 52. This new scheduling order was issued on January 18, 2018. Id. On February 2, 2018, plaintiff filed the instant objection and motion for reconsideration. ECF No. 54.

////

## II. Discussion

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

The court will deny plaintiff's motion for reconsideration because he does not present any new facts, circumstances, or changes in the law meriting reconsideration. Plaintiff alleges that he has not received defendant's answer in this case and needs an enlargement of time, apparently greater than that already reflected in the scheduling order at issue, to respond to defendant's answer. ECF No. 54 at 2. Plaintiff is not entitled to submit responsive briefing to defendant's answer, so no extension is necessary for that purpose. The court till, however, direct the Clerk of Court to send plaintiff another copy of the document (ECF No. 40.)

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff's motion for reconsideration (ECF No. 54) is DENIED; and
2. The clerk of court will serve upon plaintiff a copy of defendant Belyea's answer (ECF No. 40).

DATED: February 9, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE