1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSHUA NEIL HARRELL,                     No. 2:15-cv-00576-JAM-AC

12                 Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   MICHELLE BELYEA,

15                 Defendant.

16

17        This matter is before the court on Plaintiff's motion to file a Second Amended Complaint

18   (SAC).  ECF No. 56.  Defendant opposes the motion.  ECF No. 58.  Upon a full review of the

19   briefing and the record, the undersigned recommends plaintiff's motion to amend be DENIED.

20                  I.        Relevant Procedural Background

21        The case arises out of plaintiff's arrest and prosecution for commercial burglary (Penal

22   Code § 459) and a probation violation (Penal Code § 1203.2).  Plaintiff was detained by Wal-

23   Mart employees on April 17, 2014, and subsequently arrested.  ECF No. 15 at 10-24.  The

24   criminal case was ultimately dismissed.  Id. at 11.  Plaintiff filed this civil case on March 13,

25   2015.  ECF No. 1.  The caption of the complaint named Wal-Mart, the Fairfield Police

26   Department, and the Solano County District Attorney's Office as defendants; the body of the

27   complaint identified as defendants Rashad Figaro and "Garrison," Wal-Mart employees; Michelle

28   Belyea, Fairfield Police Officer; and Natasha Jontulovich and Donald A. Du Bain, Solano County

prosecutors.  ECF No. 1 at 1-2.

On initial screening of the complaint pursuant to 28 U.S.C.§ 1915(e)(2), the court construed plaintiff's allegations as suggesting three potential claims: unlawful arrest in violation of the Fourth Amendment; false imprisonment in violation of the Fourth Amendment; and malicious prosecution in violation of the Fourteenth Amendment.  ECF No. 8 at 3.  However, the court found that plaintiff's complaint was sufficient to state a claim only against Officer Belyea for unlawful arrest.  ECF No. 8 at 6.  Plaintiff was given the option of proceeding solely against Belyea on that claim, or amending his complaint to attempt to state claims against other defendants.  Id. at 4, 6.

Following an extension of time, plaintiff timely filed a first amended complaint ("FAC").  ECF No. 15.  The caption of the FAC identified the defendants as Wal-Mart, Fairfield Police Department, and Superior Court of California.  Id. at 1.  The body of the complaint identified the defendants as Michelle Belyea, Fairfield Police Officer; Rashad Figaroa and Garrison, Wal-Mart employees; and Judge Bowers of the Solano County Superior Court.  Id. at 8.  Upon screening, the court construed the FAC as presenting putative claims for unlawful arrest in violation of the Fourth Amendment; false imprisonment in violation of the Fourth Amendment; and malicious prosecution in violation of the Fourteenth Amendment.  ECF No. 20 at 3.  The undersigned recommended dismissal of defendants Rashid Figaro, Garrison, and Judge Bowers, and ordered service of the FAC on defendant Belyea.  The district judge adopted the recommendation.  The court ruled that the FAC stated claims against Belyea for (1) unlawful arrest; and (2) malicious prosecution, based solely on the allegation that Belyea falsified a police report.  ECF No. 20 at 4-7; ECF No. 24.[1]

Defendant Belyea filed an answer on April 18, 2017.  ECF No. 40.  On January 18, 2018,

_____

[1]  Neither the undersigned nor the district judge construed the FAC as actually presenting any claims against Wal-Mart, Fairfield Police Department, or the Superior Court as entities (the complaint contained no allegations of fact relevant to corporate or municipal liability), and the screening order was silent as to any such claims.   The court was clear, however, that the complaint was to proceed only on the identified claims against Officer Belyea.  Accordingly, any putative claims against Wal-Mart, the Fairfield Police Department, and the Solano County Superior Court were implicitly dismissed.  This matter is addressed further below.

the court issued a revised discovery and scheduling order setting a discovery deadline of May 9, 2018. ECF No. 52. The dispositive motions deadline was set for July 9, 2018. Id.

## II.     The Motion and Proposed Amended Complaint

On March 12, 2018, plaintiff filed the motion at bar, seeking leave to file a second amended complaint ("SAC"). ECF No. 56. The proposed SAC add; several defendants: Officer Rebecca Belk; the City of Fairfield; the County of Solano; and Wal-Mart Corporation. ECF No. 57 at 1. Plaintiff also apparently seeks to add new causes of action under 42 U.S.C. § 1983, including a supervisory liability claim against Belk (arising from the arrest), and a Monell claim against the City of Fairfield (again arising from the arrest).[2] ECF No. 56, 1-2, 5; ECF No. 57 at 8. Plaintiff seeks to sue Wal-Mart on a vicarious liability theory, for the conduct of its employees Figaro and Garrison. ECF No. 56 at 2; ECF No. 57 at 8. Plaintiff has attached various documents to his proposed SAC, including one page from the incident-related police report. ECF No. 57 at 13. This document -- like the copies of the police report attached to the Complaint and FAC -- states the report was prepared by defendant Belyea on April 17, 2014 and approved by Rebeca Belk on April 17, 2014. Id. Defendant Belyea opposes the court granting plaintiff leave to amend. ECF No. 58.

## III.     Legal Standard

A plaintiff may amend a complaint as of right up to 21 days after a defendant answers. FRCP 15(a)(1). After that, "a party may amend its pleading only with the  opposing party's written consent or with leave of court. The court should freely give leave when justice so requires." FRCP 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: [1] bad faith, [2] undue delay, [3] prejudice to the opposing party, and [4] futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

## IV.     Analysis

Plaintiff's motion to amend must be denied. While there is no evidence of bad faith, leave

---

[2]  See Monell v. Department of Social Services, 436 U.S. 658 (1978).

to amend is inappropriate because the proposed amendment is futile, plaintiff unduly delayed in seeking amendment, and amendment would prejudice the defendant.

### A. Plaintiff Unduly Delayed in Seeking Leave to Amend

In assessing the timeliness of a motion to amend, particularly with respect to undue delay, the Ninth Circuit does not simply "ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F. 3d 946, 953 (9th Cir. 2006). Instead the court examines "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Id. at 953 (citations omitted). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986).

Plaintiff proposes to add the following additional defendants: Rebecca Belk; the City of Fairfield; the County of Solano; and Wal-Mart Corporation. As noted above, plaintiff had previously named Wal-Mart; the Fairfield Police Department, an agency of the City; and both the Solano County District Attorney's Office and Superior Court, agencies of the County. See ECF No. 1 (initial complaint) at 1-2; ECF No. 15 (FAC) at 1, 8. The putatuve entity defendants had been listed on the cover pages of plaintiff's complaints, but not in the bodies of those complaints. Id. Moreover, the complaints contained no allegations that could be construed -- even with extreme liberality -- to state claims against any entity defendants. Accordingly, the court did not explicitly identify any claims against these defendants that needed to be screened out. See ECF Nos. 20, 24. However, by ordering over plaintiff's objections[3] that the case could proceed against Belyea only, the court effectively dismissed all claims against the putative entity defendants. As to these defendants, the motion to amend amouts to an untimely request for reconsideration.

Officer Belk is here identified as a defendant for the first time. Plaintiff has known about Belk's role since he first received the police report about his arrest; her name appears on the

---

[3] Plaintiff's Objections to the Findings and Recommendations specifically asserted that the City of Fairfield was legally responsible for the wrongs done to hin. ECF No. 22.

police report submitted with his original complaint on March 15, 2015. ECF No. 1 at 15-17. <u>See</u> <u>id.</u> at 15. A delay of over three years to add her as a defendant constitutes undue delay.

Plaintiff's motion for leave to amend provides no explanation of the delay, other than the assertion that he "just recently came to the realization" his complaint needed to be amended. ECF No. 56, 4:21-24, 7:24-27. Although plaintiff invokes the delayed discovery rule, he fails to articulate how it applies. In light of the procedural history recited above, the court concludes that it does not. Plaintiff has long been aware of all of the people and allegations he now seeks to add, and the court finds no excuse for plaintiff's delay in bringing the motion.

B. <u>Defendant Would be Prejudiced by Late Amendment</u>

Amendment of the complaint at this late date would unduly prejudice defendant in light of the approaching close of discovery deadline. The time to serve written discovery has closed; all other discovery (including motions to compel) closes May 9, 2018. ECF No. 52. "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." <u>Peterson v. California</u>, 1:10-CV-01132-SMS, 2011 WL 3875622 (E.D. Cal. Sept. 1, 2011) (quoting <u>Campbell v. Emory Clinic</u>, 166 F. 3d 1157, 1162 (11th Cir. 1999)).

Were the court to grant leave to amend, the case schedule would have to be re-set in its entirety in order to accommodate new defendants. The "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted); see also <u>Zivkovic v. S. California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) ("[t]he requirement of additional discovery would have prejudiced Edison and delayed the proceedings."). Defendant answered plaintiff's FAC over a year ago, on April 18, 2017. ECF No. 40. To ask defendant to re-start the litigation process at this late date would be prejudicial and is not warranted by any circumstances presented in plaintiff's motion for leave to amend.

C. <u>Plaintiff's Proposed Amendments Are Futile</u>

Independently of the delay and prejudice issues, the motion should be denied due to the

futility of amendment.  See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (futility alone can justify denial of a motion for leave to amend).  Wal-Mart is a private corporation and therefore not a proper defendant in this Section 1983 case.  Only state actors and those acting "under color of state law" can be liable for violations of civil rights.  See West v. Atkins, 487 U.S. 42 (1988).  The City and County cannot be held liable for the actions of their employees, which is plaintiff's apparent theory, but only for civil rights violations caused by an official policy or custom.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).  Plaintiff has not alleged an official policy or custom sufficient to state a claim against the City or County.  And Officer Belk cannot be liable for Officer Belyea's actions, because there is no supervisory liability under Section 1983.  See id. at 694-95; Rizzo v. Goode, 423 U.S. 362, 370–71 (1976).  Accordingly, the claims and defendants that plaintiff wishes to add are all futile as a matter of law.

Moreover, any claims against Officer Belk are barred by the applicable statute of limitations.  Section 1983 claims are subject to the statute of limitations imposed by the forum state's personal injury law.  Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007).  California Code of Civil Procedure ("C.C.P.") § 335.1 provides two years for personal injury matters.  "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury."  Id. at 1026–1027 (citation omitted).  Unlawful arrest claims accrue on the date of arrest.  Venegas v.Wagner, 704 F.2d 1144, 1146 (9th Cir. 1983) ("where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs.")  Plaintiff was arrested on April 17, 2014.  Accordingly, his deadline to file all claims arising from the arrest was April 17, 2016.  Plaintiff did not attempt to add Officer Belk as a defendant until March 12, 2018 (ECF No. 56, 57).  The proposed amendment is therefore time-barred.

### D.  Conclusion

For all the reasons explained above, IT IS HEREBY RECOMMENDED that plaintiff's motion for leave to amend, ECF No. 56, should be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE