UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHELLE BELYEA,<br><br>　　　　Defendant. | No. 2:15-cv-00576-JAM-AC<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to this court for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).[1] On June 23, 2016, the district judge presiding over this case authorized plaintiff, who is also proceeding in forma pauperis, to proceed with his first amended complaint against defendant Michelle Belyea. ECF No. 24. Now pending before the court are plaintiff's motion to compel (ECF No. 66), defendant's motion for summary judgment (ECF No. 76), plaintiff's motion to strike (ECF No. 86), plaintiff's motion for an extension of time to reply to defendant's opposition to plaintiff's motion to strike (ECF No. 93), and plaintiff's motion to protect due process (ECF No. 99).

////

---

[1] Although plaintiff indicates that he is in custody, this matter is proceeding under the authority of Local Rule 302(c)(21), rather than Local Rule 302(c)(17), because plaintiff does not seek habeas relief, nor does he challenge the conditions of his confinement.

## I. Relevant Procedural Background

The case arises out of plaintiff's arrest and prosecution for commercial burglary (Penal Code § 459) and probation violation (Penal Code § 1203.2). Plaintiff was arrested for these crimes on April 17, 2014. ECF No. 15 at 10-24. The criminal case was ultimately dismissed. Id. at 11. Plaintiff filed this civil case on March 13, 2015 against defendants Rashad Figaro, Walmart, Fairfield Police Department, Solano County District Attorney's Office, Natasha Jontulovich, and District Attorney Donald A. Du Bain. ECF No. 1 at 3.

Upon screening pursuant to 28 U.S.C.§ 1915(e)(2), the court found plaintiff alleged facts to potentially support three claims: Fourth Amendment unlawful arrest; Fourth Amendment Due Process (based upon false imprisonment); and Fourteenth Amendment Due Process (based upon malicious prosecution). ECF No. 8 at 3. However, the court found that complaint stated a claim against defendant Michelle Belyea only. ECF No. 8 at 6. The court permitted the unlawful arrest claim to go forward against Belyea, while dismissing the false imprisonment and malicious prosecution claims against her, with leave to amend. Id. at 4. Plaintiff was given 30 days to amend his complaint to state a cognizable claim against the remaining defendants, should he wish to do so. Id. at 6.

Following an extension of time, plaintiff timely filed a first amended complaint ("FAC") alleging claims against Belyea, as well as Rashad Figaro, Garrison, and Judge Bowers. ECF No. 15. Upon screening of the FAC, the court found that plaintiff alleged facts that could potentially support three claims: Fourth Amendment unlawful arrest; Fourth Amendment Due Process (based upon false imprisonment); and Fourteenth Amendment Due Process (based upon malicious prosecution). ECF No. 20 at 3. The court dismissed defendants Rashid Figaro, Garrison, and Judge Bowers with prejudice and ordered plaintiff's FAC served with respect to defendant Belyea on two grounds: (1) Fourth Amendment unlawful arrest; and (2) Fourteenth Amendment malicious prosecution (only based upon the limited allegation that Belyea falsified a police report). ECF No. 20 at 4-7, ECF No. 24.

Plaintiff's FAC was served upon Belyea (ECF No. 39), who filed an answer on April 18, 2017. ECF No. 40. On January 18, 2019, the court issued a revised scheduling order setting a

discovery deadline of May 9, 2018.  ECF No. 52.  A dispositive motions deadline was set for July 9, 2018.  Id.

## II. Plaintiff's Motion to Protect Due Process

Plaintiff filed a motion notifying the court that through studying his own genealogy, he recently discovered that he has a relative that was in North America before the United States was formed and that his eighth-great grandfather is "Sir Bathwater" of Wales, England. ECF No. 99 at 1.  Plaintiff asks the court to provide him with more information regarding his family genealogy to protect his rights to due process.  Id. at 2.  Plaintiff's memorandum indicates he believes he is entitled to some financial inheritance from his relatives' estates.  Id. at 3-11.  Because plaintiff's motion is entirely irrelevant to this case and does not seek any relief with respect to the remaining defendant, it is DENIED.

## III. Motion to Compel

Plaintiff moves to compel responses to his requests for production numbered 3, 4, and 5.  ECF No. 66 at 2.  Plaintiff's RFP No. 3 asks defendant to produce two document affidavits from management persons at Walmart located on N. Texas St., Fairfield, CA, stating facts about the operations, rules, and policies about dressing rooms for customers.  ECF No. 66 at 2.  Plaintiff's RFP No. 4 requests all documents, pleadings, orders, materials, records and files filed in this case.  Id.  Plaintiff's RFP No. 5 seeks defendant's personnel file at the Fairfield Police Department to include pleadings and materials about defendant that may contain Brady material.  Id.

Plaintiff's motion to compel is DENIED because defendant has served adequate responses.  With respect to RFPs 3 and 4, defendant served a response stating she had no responsive documents; defendant does not have access to Walmart's internal documents, and there are no Brady related materials in defendant's personnel file.  ECF No. 70 at 3.  In the absence of evidence to the contrary, plaintiff is required to accept defendant's responses to these requests that, despite a diligent search, no responsive documents exist.  See e.g., Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014) ("Defendants cannot be required to produce documents that do not exist.  Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendants' response no such documents exist."); accord, Holt v. Nicholas,

2014 WL 250340, *4 (E.D. Cal. 2014) ("Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendant's amended response that no such documents responsive to his request exist.").

With respect to RFP No. 5, defendant asserts she responded to the request by providing a complete copy of the record of the court's file, inclusive of approximately 275 pages. ECF No. 70 at 3. While plaintiff now contends that he is entitled to a copy of his own deposition transcript, defendant correctly responds that she is not under any obligation to produce the transcript, which is equally available to the plaintiff, albeit at cost. See, Rodgers v. Martin, No. 1:12-CV-01686-AWI, 2014 WL 4344499, at *7 (E.D. Cal. Aug. 29, 2014) (Seng, J.). Plaintiff may not use the discovery process to obtain free copies of documents that are equally available to him. The Federal Rules of Civil Procedure direct deposition officers to provide a copy of a deposition transcript to the deponent or any party upon payment of reasonable charges. Fed. R. Civ. P. 30(f)(3). Thus, defendant has adequately responded to plaintiff's RFP No. 5 and need not provide plaintiff with a copy of his deposition transcript.

For the above reasons, plaintiff's motion to compel (ECF No. 66) is DENIED.

### IV. Motion to Strike and Motion for Extension of Time

Plaintiff moves to strike the declaration of Michelle Belyea filed in support of her motion for summary judgement. ECF No. 86. He also seeks additional time to respond to defendant's opposition to this request. ECF No. 93. These motions are DENIED without prejudice as MOOT, because the summary judgment is being vacated for the reasons now explained.

### V. Motion for Summary Judgment

Defendant's motion for summary judgment (ECF No. 76) must be VACATED because defendant failed to file a Rand Notice with their motion. As defendant was warned in the Order Directing Service in this case, in the event "defendant moves for summary judgment, defendant must contemporaneously serve with the motion, but in a separate document, a copy of the attached Rand Notice. See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998)." ECF No. 35 at 4. Because defendant did not file a Rand Notice, her motion for summary judgment cannot be considered at this time. Accordingly, it will

be VACATED without prejudice to re-filing in compliance with defendant's obligations under Rand. Defendant may file the same motion for summary judgment, exhibits, and declaration, but she must do so contemporaneously with a Rand Notice.

### VI. Conclusion

For the reasons discussed above, it is hereby ORDERED that:

1. Plaintiff's motion to protect due process (ECF No. 99) is DENIED;
2. Plaintiff's motion to compel (ECF No. 66) is DENIED;
3. Plaintiff's motion for an extension of time (ECF No. 93) is DENIED as MOOT;
4. Plaintiff's motion to strike (ECF No. 86) is DENIED as MOOT;
5. Defendant's motion for summary judgment, ECF No. 76, is VACATED without prejudice to re-filing and service together with a Rand notice.

DATED: November 6, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE