UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE BELYEA,<br><br>Defendant. | No. 2:15-cv-00576-JAM-AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis. The action is referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).[1] Three matters are before the court: defendant Michelle Belyea's motion for summary judgment (ECF No. 101); plaintiff's motion to strike the summary judgment motion (ECF No. 111); and plaintiff's motion to strike the Declaration of Michelle Belyea (ECF No. 112). For the reasons set forth below, plaintiff's motions are DENIED and it is recommended that defendant's motion for summary judgment be GRANTED.

**I.    Relevant Procedural Background**

The case arises out of plaintiff's arrest and prosecution for commercial burglary (Penal Code § 459) and probation violation (Penal Code § 1203.2), following an alleged shoplifting

---
[1] Although plaintiff indicates that he is in custody, this matter is proceeding under the authority of Local Rule 302(c)(21), rather than Local Rule 302(c)(17), because plaintiff neither seeks habeas Relief nor challenges the conditions of his confinement.

incident at Walmart on April 17, 2014. ECF No. 15 at 10-24. The criminal case was ultimately dismissed. Id. at 11.

Plaintiff filed this civil action on March 13, 2015 against defendants Rashad Figaro, Walmart, Fairfield Police Department, Solano County District Attorney's Office, Natasha Jontulovich, and District Attorney Donald A. Du Bain. ECF No. 1 at 3. The original complaint alleged that plaintiff's rights had been violated by unlawful arrest, false imprisonment, and malicious prosecution. On screening pursuant to 28 U.S.C.§ 1915(e)(2), the undersigned found that the only viable claim was unlawful arrest against Fairfield Police Officer Michelle Belyea. ECF No. 8 at 6. Plaintiff was granted leave to amend his claims against the other defendants. Id. at 4, 6.

Plaintiff subsequently filed a first amended complaint ("FAC"), containing claims against Belyea, Rashad Figaro, Garrison, and Judge Bowers. ECF No. 15. On screening, the court determined that the complaint stated two viable claims, both against defendant Belyea only: (1) unlawful arrest in violation of the Fourth Amendment, and (2) malicious prosecution in violation of the Fourteenth Amendment, based exclusively upon the allegation that Belyea falsified a police report. Defendants Rashid Figaro, Garrison, and Judge Bowers were dismissed with prejudice. ECF No. 20 (Findings and Recommendations) at 4-7; ECF No. 24 (order adopting Findings and Recommendations).

Defendant Belyea answered the complaint on April 18, 2017. ECF No. 40. She filed a motion for summary judgment on July 9, 2018, which was the deadline for dispositive motions. See ECF Nos. 76 (motion), 52 (scheduling order). The undersigned subsequently vacated the motion without prejudice to re-filing, for procedural noncompliance. ECF No. 100. Defendant re-filed her motion for summary judgment the next day. ECF No. 101. Plaintiff moves to strike defendant's motion as untimely (ECF No. 111) and moves to strike defendant Michelle Beylea's declaration (ECF No. 112) for lack of personal knowledge.

////
////
////

## II. Motions to Strike

Plaintiff's motion to strike defendant's motion for summary judgment, ECF No. 111, will be denied. Plaintiff contends that defendant's motion is untimely because filed after the dispositive motion deadline, but the court expressly granted defendant permission to re-file. ECF No. 100. Plaintiff has had abundant notice of the motion and ample time to prepare a response. The motion to strike is accordingly without merit.

Plaintiff also moves to strike the Declaration of Michelle Belyea filed in support of her motion for summary judgement.[2] ECF No. 112. Plaintiff argues first that the declaration contains multiple hearsay statements regarding what Belyea was told by "dispatch" and statements from other third parties such as plaintiff and Figaro. ECF No. 112 at 2. He argues second, in a variation of his hearsay objection, that Belyea's declaration was made without personal knowledge. Id. at 3-4.

Plaintiff's objections are not well-taken. The declaration itself is not hearsay, and statements regarding what others told the declarant are not hearsay unless and until they are used in an attempt to prove the truth of the matter asserted in a motion or at trial. See, e.g., Calmat Co. v. U.S. Dep't of Labor, 364 F.3d 1117, 1124 (9th Cir. 2004). Belyea's declaration includes her testimony about what she heard, saw, and did; all topics appropriate for a personal declaration. The court will consider Belyea's account of other peoples' statements only for non-hearsay purposes, and not as evidence of the truth of the matters asserted in the statements. Accordingly, Plaintiff's motion to strike, ECF No. 112, will be DENIED.

## III. Motion for Summary Judgment – Judicial Notice

The parties have separately requested that the court take judicial notice of various documents. ECF Nos. 101-4, 77 (defendant's request) and ECF No. 116 (plaintiff's request). This court must, upon request, take judicial notice of any "fact" that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known," or "can be accurately and readily determined from sources

---
[2] The declaration is at ECF No. 101-2.

3

whose accuracy cannot be reasonably questioned." Fed. R. Civ. P. 201(1), (2); United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003).

Plaintiff's request for judicial notice is denied. Plaintiff asks the court to take judicial notice of Walmart's hours of operation, policies, and what time the public dressing rooms are closed and locked at the Walmart at issue in this case. ECF No. 85-1 at 2. These are not facts properly subject to judicial notice. Although plaintiff is correct that the court may take judicial notice of a corporation's articles of incorporation and bylaws, he does not attach the articles of incorporation or bylaws and provides no indication that a local store's hours or dressing room policies would be included in these documents. Coal. for a Sustainable Delta v. F.E.M.A., 711 F. Supp. 2d 1152, 1170 (E.D. Cal. 2010). Plaintiff also asks the court to take judicial notice of defendant Michelle Belyea's testimony at the preliminary hearing on May 2, 2014 in Solano County Court Case No. FCR306936, but does not attach any transcripts. ECF No. 116 at 1-2. Because plaintiff's request for judicial notice encompasses only information not properly subject to judicial notice, his request is denied.

Defendant's request for judicial notice is granted. Defendant asks the court to take judicial notice of a certified copy of the incident-related criminal prosecution of plaintiff Joshua Harrell, Solano County Court Case No. FCR306936, which she attached as an exhibit. ECF No. 77 at 1. The court make take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007). Defendant's request is therefore granted.

### IV. Motion for Summary Judgment – Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence. The defendant's statement of undisputed facts is located at ECF No. 101-3. Plaintiff's responses are located at ECF No. 114.

At approximately 1:26 a.m. on April 17, 2014, Fairfield Police Officer Michelle Belyea was dispatched to the local Walmart for a reported shoplifting. Declaration of Michelle Belyea at ¶ 4. While en route, Belyea heard from dispatch that the suspect was on Alameda County

4

probation for Penal Code § 484 (theft) through November 6, 2014. Id. Dressed in a standard police uniform, Belyea arrived at the Walmart and went to the security office. Belyea Decl. at ¶ 5. There, Belyea encountered Walmart employee Rashad Figaro and plaintiff Joshua Neil Harrell. Id. Figaro described the incident to Belyea, telling her that he saw the plaintiff enter the store around 7:00 p.m. on April 16, 2017. Id. Figaro told Belyea that he recognized Harrell from prior theft cases. Id. Figaro told Belyea that Harrell eventually left the store, but returned about five hours later. Id. Figaro told Belyea that when Harrell returned, Figaro noticed Harrell walk over to the men's clothing section, take a belt off the shelf, put it around his waist, and then pick up a pair of pants and walk into a dressing room with them. Id. Figaro told Belyea that when Harrell left the dressing room, Figaro saw him wearing the belt and pants he picked up from the shelf. Id. Figaro told Belyea that Harrell proceeded to walk around the store for a few minutes before leaving from the front entrance. Id. Figaro told Belyea that, at that time, he contacted Harrell outside the front of the store and detained him for suspected shoplifting. Id. Figaro told Belyea that Harrell walked past the checkout stands without making any attempt to pay for the pants or belt. Id.

Figaro told Belyea that he valued the items in question at $32 ($20 for the pants, and $12 for the belt). Belyea Decl. at ¶ 6. Figaro told Belyea that the pants Harrell originally wore into the store were recovered in the men's dressing room. Id. Upon finishing her conversation with Figaro, Officer Belyea advised Harrell he was under arrest and advised him of his Miranda rights, reading from her department-issued Miranda card. Belyea Decl. at ¶ 8. Upon booking Harrell into jail, Belyea returned the pants and belt to Figaro. Id. at ¶ 9.

Plaintiff was arrested for two crimes: Penal Code § 459 (burglary) (felony) and Penal Code § 1203.2 (probation violation) (felony). Belyea Decl. at ¶ 10. Plaintiff was subsequently prosecuted by the Solano County District Attorney's Office for the alleged § 459 violation, but the prosecution was later reduced to a § 459.5(a). ECF No. 77 at 11-13 (Amended Information). The District Attorney dismissed all charges on February 4, 2015, providing no reasoning for the dismissal. ECF No. 77 at 9.

////

## V. Motion for Summary Judgment – Legal Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248. In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### VI.     Motion for Summary Judgment – Analysis

Plaintiff's two remaining causes of action, malicious prosecution and false arrest, are both premised on the same allegation: that defendant Belyea submitted a false police report stating that defendant made confessions upon his arrest, which he claims were never made. ECF No. 15 at 10; ECF No. 20 at 4, 6. Defendant moves for summary judgment on both causes of action, and

regarding the availability of punitive damages. ECF No. 101-1 at 3. Upon review of the undisputed facts in this case, the undersigned finds summary judgment appropriate and recommends that defendant's motion be GRANTED.

### A. False Arrest Claim and Qualified Immunity

"A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his 'rights, privileges, or immunities secured by the Constitution and [federal] laws' by a person or entity, including a municipality, acting under the color of state law." Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690-95 (1978)). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City & County of S.F., 266 F.3d 959, 964 (9th Cir. 2001). However, an officer who makes an arrest without probable cause may be shielded from liability by qualified immunity if she reasonably believed there to have been probable cause. See Ramirez v. City of Buena Park, 560 F.3d 1012, 1024 (9th Cir. 2009). "In the context of an unlawful arrest . . . the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) whether it is reasonably arguable that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." Rosenbaum v. Washoe City, 663 F.3d 1071, 1076 (9th Cir. 2011)

### 1. Probable Cause

"An officer has probable cause to make a warrantless arrest when the facts and circumstances within his knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime. The analysis involves both facts and law. The facts are those that were known to the officer at the time of the arrest. The law is the criminal statute to which

8

those facts apply." Rosenbaum, 663 F.3d at 1076 (internal citations omitted). "The information on which officers rely in forming their conclusions regarding probable cause must be 'reasonably trustworthy.' Arresting officers are entitled to rely on the probable cause developed by other officers." United States v. Sims, 504 F. App'x 614, 615 (9th Cir. 2013). It is well established that an officer may act on an eyewitness's report of a crime, including the report of security personnel, as probable cause to execute an arrest. United States v. Rodriguez, 92 F.3d 1195 (9th Cir. 1996) ("The officers were under no legal duty to corroborate the security guard's tip before acting because the eyewitness report of a crime was self-corroborating.")

Here, plaintiff was arrested for a violation of Penal Code § 495, which states that "[e]very person who enters any house, room, apartment, tenement, [or] shop, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Penal Code § 459 (West). Plaintiff was also arrested for a violation of Cal. Penal Code § 1203.2, which allows any peace officer with probable cause to believe that a person on supervised parole is violating any term or condition of his or her supervision to re-arrest the supervised person and bring him or her before the court. Defendant had probable cause to arrest plaintiff for each of these crimes. As discussed in detail above, defendant heard from dispatch that plaintiff was on Alameda County probation for a prior theft conviction. Belyea Decl. at ¶ 4. Though plaintiff disputes that he was in fact on probation, the truth of the fact of probation is not material to Officer Belyea's reasonable belief when she encountered the plaintiff. Officer Belyea further testifies extensively to her conversation with Rashad Figaro, who described the circumstances of plaintiff's detention in the Walmart. Belyea Decl. at 5. Plaintiff objects only that Belyea's testimony as to what Figaro told her is hearsay and is based on a lack of personal knowledge. ECF No. 85 at 35-37. Defendant testified as to what she heard from Figaro, not in an attempt to prove the truth of his statements but to demonstrate her state of mind upon plaintiff's arrest. Officer Belyea has personal knowledge as to what she heard; she properly testified as to what she heard from dispatch and from Figaro, and these pieces of information weigh directly on whether Belyea had probable cause to arrest Harrell for violations of Cal. Penal Code §§ 459 and 1203.2.

////

A key point in plaintiff's argument is that Belyea wrote in her police report that plaintiff made several spontaneous admissions to her, which he vehemently denies. Indeed, Officer Belyea testified to these spontaneous remarks in her declaration, and plaintiff again disputes having made any such remarks. See ECF No. 85 at 37. Even assuming that plaintiff never made any spontaneous admissions, however, the Belyea's testimony as to what she heard from Figaro and dispatch are sufficient to establish probable cause for plaintiff's arrest. In light of the undisputed facts, it is clear that Officer Belyea executed plaintiff's arrest with appropriate probable cause, and no constitutional violation occurred.

### 2. Reasonable Belief of Probable Cause

"Even if the arrest was made without a warrant and without probable cause, however, the officer may still be immune from suit if it was objectively reasonable for [her] to believe that [she] had probable cause." Rosenbaum, 663 F.3d at 1078. As discussed above, well established law holds that an officer can rely on information obtained from eye-witness accounts such as those of a security officer, Rodriguez, 92 F.3d at 1195, as well as officer-developed reports such as those from dispatch, Sims, 504 F. App'x at 615, in determining whether probable cause exists for an arrest. The undisputed facts regarding what Officer Belyea heard from dispatch and from Figaro demonstrate that she had a reasonable belief in the existence of probable cause to arrest plaintiff for the crimes discussed above. Accordingly, she would be entitled to qualified immunity even if probable cause did not actually exist.

### B. Malicious Prosecution Claim

> To claim malicious prosecution, a petitioner must allege "that the defendants prosecuted [him or] her with malice and without probable cause, and that they did so for the purpose of denying [him or] her equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995); see also Blaxland v. Commonwealth Dir. of Pub. Prosecutions, 323 F.3d 1198, 1204 (9th Cir. 2003) (stating that malicious prosecution "concern[s] the wrongful use of legal process"). It requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653 (1977).

Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).

////

In general, "[f]iling of a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time. This presumption may be rebutted, however. For example, . . . the presentation by the officers to the district attorney of information known by them to be false will rebut the presumption." Smiddy v. Varney, 665 F.2d 261, 266–67 (9th Cir. 1981), overruled in part on other grounds by Beck v. City of Upland (9th Cir.2008) 527 F.3d 853, 865). However, to survive summary judgment there must be evidence of actual fabrication in the police report at issue; it is not enough that the report is inconsistent with plaintiff's own account of the arrest. Sloman v. Tadlock, 21 F.3d 1462, 1474 (9th Cir. 1994) ("Sloman did not and does not point to any evidence of such fabrication, other than the fact that the officers' reports were inconsistent with Sloman's own account of the incidents leading to his arrest. Such conclusory allegations, standing alone, are insufficient to prevent summary judgment."); see also, Myers v. City of Hermosa Beach, 299 F. App'x 744, 746 (9th Cir. 2008) (presumption rebuttal "may be accomplished by showing facts that suggest fabrication of police reports: for example, contradictory police reports or contradiction of the police by independent witnesses . . . However, merely showing that the plaintiff's version differs from that of the defendant's is not enough.").

Additionally, "[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence. Similar to other terminations short of a complete trial on the merits, a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant." Awabdy v. City of Adelanto, 368 F.3d 1062, 1068 (9th Cir. 2004) (internal citations omitted). "A termination is not necessarily favorable simply because the party prevailed in the prior proceeding; the termination must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged against [the accused]. If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious

11

prosecution." Womack v. County of Amador, 551 F. Supp. 2d 1017, 1031–32 (E.D. Cal. 2008) (Beistline, J.) (internal citations omitted).

Plaintiff's malicious prosecution claim cannot succeed. First, as discussed above, plaintiff's arrest was executed with probable cause and thus the elements of a malicious prosecution claim are not met. Lacey, 693 F.3d at 919. Plaintiff's malicious prosecution claim also fails because he cannot rebut the presumption that Officer Belyea is immune in light of the presumption that the prosecutors exercised independent discretion in his prosecution, and because he has not shown that the criminal case terminated in his favor. The district attorney in plaintiff's criminal case dismissed all charges on February 4, 2015, and gave no reason on the record. ECF No. 77 at 9. A nonspecific dismissal such as this does not constitute a favorable termination in the context of a malicious prosecution claim, because it does "leave some doubt concerning plaintiff's innocence or liability." Womack, 551 F. Supp. 2d at 1032. With respect to Officer Belyea's presumption of immunity, plaintiff's only argument regarding the falsity of Belyea's report is that it documented admissions that he did not make. ECF No. 85 at 18, 24, 27. As discussed above, plaintiff's differing account of what occurred at the time of his arrest, without additional evidence, is insufficient to prevent summary judgment in favor of defendant on a malicious prosecution claim. Sloman, 21 F.3d at 1474. For each of these reasons, summary judgment should be entered in favor of Officer Belyea.

C. Punitive Damages

Because the court finds summary judgment in favor of defendant is appropriate on all claims, the court need not address the issue of punitive damages.

**VII. Conclusion**

For the reasons discussed above, it is hereby ORDERED that:

1. Plaintiff's motion to strike defendant's motion (ECF No. 111) is DENIED;

2. Plaintiff's motion to strike the declaration of Michelle Belyea (ECF No. 112) is DENIED;

Further, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment, ECF No. 101, be GRANTED and this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE